**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOO HAN KWAK; EUN YOUNG SHIM KWAK,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-71576<br><br>Agency Nos.   A094-332-386<br>                A099-772-108<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued June 3, 2015 Submitted August 1, 2016
Seattle, Washington

Before: O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Soo Han Kwak and Eun Young Shim Kwak,[1] natives and citizens of South

Korea, petition for review of the Board of Immigration Appeals' ("BIA") decision

affirming the Immigration Judge's ("IJ") denial of their application for adjustment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] Eun Young Shim Kwak's application is derivative of lead petitioner Soo Han Kwak's petition. Therefore her claim succeeds or fails with his petition. *Don v. Gonzales*, 476 F.3d 738, 739 n.1 (9th Cir. 2007).

of status pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C.

§§ 1154(j) and 1255(a). We have jurisdiction under 8 U.S.C. § 1252.

The BIA adopted and affirmed the IJ's denial of Kwak's claim on the basis

that the IJ correctly concluded that Kwak's approved I-360 visa petition was not

portable under section 1154(j) of the INA. Where, as here, the BIA adopts and

affirms the IJ's decision, we review both decisions. *Ling Huang v. Holder*, 744

F.3d 1149, 1152 (9th Cir. 2014).

In order to provide "[j]ob flexibility for long delayed applicants for

adjustment of status to permanent residence," the INA's portability provision

provides:

> A petition under [8 U.S.C. § 1154(a)(1)(F)][2] . . . for an individual
> whose application for adjustment of status . . . has been filed and
> remained unadjudicated for 180 days or more shall remain valid with
> respect to a new job if the individual changes jobs or employers if the
> new job is in the same or a similar occupational classification as the
> job for which the petition was filed.

8 U.S.C. § 1154(j).

Subsection (a)(1)(F) allows "[a]ny employer desiring and intending to

employ . . . an alien entitled to classification under section 1153(b)(1)(B)

---

[2] The statute refers to subsection (a)(1)(D), but the correct reference is
subsection (a)(1)(F). The mistake "appears to have been caused by an intervening
(and incomplete) renumbering of some subsections." *Herrera v. USCIS*, 571 F.3d
881, 886 n.5 (9th Cir. 2009).

[outstanding professors and researchers], 1153(b)(1)(C) [multinational executives and managers], 1153(b)(2) [those with advanced degrees or exceptional ability], or 1153(b)(3) [skilled workers, professionals, and other workers performing work for which qualified workers are not available in the U.S.] of this title" to "file a petition with the Attorney General for such classification." *Id.* § 1154(a)(1)(F).

Kwak obtained an I-360 visa as a special immigrant religious worker under section 1101(a)(27)(C)(ii) of the INA. Such visas are authorized under 8 U.S.C. § 1153(b)(4), which is not a listed category under 8 U.S.C. § 1154(a)(1)(F). Visas authorized pursuant to section 1153(b)(4) are thus not portable under the plain and unambiguous terms of section 1154(j). *See Chevron U.S.A. Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842–43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the

unambiguously expressed intent of Congress."). Accordingly, it was not error for

the IJ and BIA to deny the Kwaks' application for adjustment of status.[3]

PETITION DENIED.

---

[3] The Kwaks rely on a letter from Edward H. Skerrett of the Immigration and Naturalization Service dated May 13, 1994 to argue that, as a matter of policy, the United States Citizenship and Immigration Service (successor to the INS) allows special immigrant religious workers to transfer their I-360 visas, so long as the same religious denomination which filed the initial visa petition continues to offer the applicant a job as a minister. That letter predates 8 U.S.C. § 1154(j), which was adopted in 2000. *See* American Competitiveness in the Twenty-First Century Act of 2000, Pub. L. No. 106-313 § 106, 114 Stat. 1251, 1254 (Oct. 17, 2000). Thus, the terms of that letter have been superseded by statute.